<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 25, 2020

Douglas E. Motzenbecker, Esq.
Gordon & Rees LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
*Counsel for Plaintiff*

Suna Lee, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
200 Campus Drive
Florham Park, NJ 07932
*Counsel for Defendant Comeq, Inc.*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

  **Re:** **Stirrup Metal Products Corp. v. Comeq, Inc.**
     **Civil Action No. 19-18831 (SDW) (LDW)**

Counsel:

  Before this Court is Defendant Comeq, Inc.'s ("Defendant" or "Comeq") Motion to Compel Arbitration and Dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*; and Plaintiff Stirrup Metal Products, Corp.'s ("Plaintiff" or "Stirrup") Cross-Motion for Leave to Amend the Complaint. (D.E. 6, 9.) This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Leave to Amend is **DENIED**.

  **I.** **BACKGROUND & PROCEDURAL HISTORY**

  On or about September 9, 2014, Plaintiff purchased a metal fabricating machine (the "Machine") from Defendant for $189,658.00. (D.E. 1 ¶¶ 1-2, 13-20; D.E. 6-2 Ex. A.) The terms of the purchase were set forth in the "Terms And Conditions of Quotation And Sale" ("Purchase Agreement") and included a provision establishing that "[a]ny controversy or claim instituted by Buyer or Comeq in excess of $30,000 in monetary damages exclusive of interest and costs or

which seeks equitable relief, arising out of or relating to this Contract shall be resolved by binding arbitration before a single arbitrator in Baltimore County, Maryland under the auspices and pursuant to the American Arbitration Association commercial arbitration rules for expedited procedures regardless of the monetary amount of the claim." (D.E. 6-2 Ex. A.)

Plaintiff took delivery of the Machine on September 12, 2015, and alleges that "almost immediately after it was placed into service" the Machine "began to malfunction" and, despite numerous repairs, never operated properly. (D.E. 1 ¶¶ 3, 16, 21-27.) On or about August 14, 2019, Plaintiff filed a three-count Complaint in the Superior Court of New Jersey, Law Division – Essex County alleging: breach of contract (Count One); breach of the warranty of merchantability (Count Two); breach of the covenant of good faith and fair dealing (Count Three). (*See generally* D.E. 1.) Defendant removed the suit to this Court on October 9, 2019. (D.E. 1.) On November 27, 2019, Defendant filed the instant Motion to Compel/Dismiss. (D.E. 6.) Plaintiff filed opposition and cross-moved for leave to file an amended complaint on January 13, 2020. (D.E. 9.) Defendant filed its timely reply on February 4, 2010. (D.E. 12.)

## II.     STANDARD OF REVIEW

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate[.]'" *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Motions to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).[1]

---

[1] In diversity cases, federal courts apply the choice-of-law rules of the forum state, which in this case is New Jersey. *See Collins on behalf of herself v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017). Under New Jersey law, "[o]rdinarily, when parties to a contract have agreed to be governed by the laws of a particular state, . . . courts will uphold the contractual choice." *Id.* at 183-84 (*quoting Instructional Sys., Inc. v. Computer Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)). In the instant matter, two sophisticated commercial entities agreed that the Purchase Agreement "shall be governed by and interpreted in accordance with the laws of the State of Maryland." (D.E. 6-2 Ex. A.); *see also Global Empire Corp. v. Flower Tech Ctr., Inc.*, Civ. No. 18-8795, 2018 WL 6829086, at *3 (D.N.J. Dec. 21, 2018) ("Choice-of-law provisions will be enforced if the contract was freely entered into by two commercial entities with relatively equal bargaining power."). Therefore, this Court will adhere to the choice of law provision.

### III. DISCUSSION

Under Maryland law, an arbitration provision is interpreted with an eye to "what a reasonable person in the position of the parties would have thought it meant" at the time the agreement was effectuated. *Freedman v. Comcast Corp.*, 988 A.2d 68, 76 (Md. Ct. Spec. App. 2010). Where "the language of the arbitration clause is clear, and it is plain that the dispute sought to be arbitrated falls within the scope of the . . . clause, arbitration should be compelled." *McPhee Elec. Ltd., LLC v. Signal Perfection Ltd.*, Civ. No. EDQ-10-0831, 2010 WL 3245423, at *2 (D. Md. Aug. 16, 2010) (internal citation omitted).[2]

Here, the Purchase Agreement plainly and unequivocally states that "**[a]ny** controversy or claim instituted by Buyer or Comeq in excess of $30,000 in monetary damages exclusive of interest and costs or which seeks equitable relief, **arising out of or relating to this Contract** shall be resolved by binding arbitration . . ." (D.E. 6-2 Ex. A (emphasis added).) Thus, the parties' intention to arbitrate their disputes was express and clear. Plaintiff's claims arise out of the purchase of the Machine, and its damages, which include "damages, lost profits, costs, [and] attorneys' fees" arising out of its payment of $189,658.00 for the Machine and $255,840.00 for replacement equipment, are in excess of the monetary threshold. Both the intent and scope of the arbitration provision clearly encompass the dispute at hand. Therefore, this Court will grant Defendant's motion to compel arbitration and Plaintiff's claims against Comeq will be dismissed.[3]

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration and Dismiss the Complaint as to Defendant Comeq, Inc. is **GRANTED**. An appropriate Order follows.

/s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
     Leda Dunn Wettre, U.S.M.J.

---

[2] Plaintiff nowhere challenges the validity of the Purchase Agreement itself.

[3] Plaintiff separately moves to amend its Complaint to add a claim under sections 607 and 608 of the Uniform Commercial Code ("UCC") for "Revocation of the Contract." (D.E. 9-1 at 7-11.) Plaintiff argues that if it were permitted to revoke its acceptance of the Purchase Agreement the parties would be "where they were prior to the transaction as if the contract never existed," and, therefore, would not be subject to the arbitration provision. (*Id.* at 7.) Any determination as to whether revocation is permissible, however, is a dispute arising out of or relating to the contract and must be determined by an arbitrator. As such, amending the Complaint to add that claim is futile, and Plaintiff's motion must be denied. *See Winer Family Tr. v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007) (noting that a motion to amend must be denied when "amendment would cause undue delay or prejudice, or that amendment would be futile"); *see also Chesler v. City of Jersey City*, Civ. No. 15-1825, 2019 WL 6318301, at * (D.N.J. Nov. 26, 2019). This Court takes no position on the merits of Plaintiff's revocation claim nor on its ability to raise it during arbitration.